16-2016-CA-003081-XXXX-MA

CV-A

Filing # 41034840 E-Filed 05/03/2016 04:18:30 PM

**IN THE CIRCUIT COURT OF THE FOURTH JUDICIAL CIRCUIT IN AND FOR DUVAL COUNTY, FLORIDA**

STEPHEN KNUTH,

      Plaintiff,

v.

      CASE NO:
      <u>Jury Trial Demanded</u>

Department Stores National Bank,

      Defendant.

                    /

## COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

Plaintiff STEPHEN KNUTH ("Mr. Knuth" or "Plaintiff") files suit against Department Stores National Bank ("DSNB") and in support alleges:

### NATURE OF ACTION

1.    This is an action for injunctive relief and damages in excess of $15,000 by Plaintiff, Stephen Knuth, an individual consumer, for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 et seq. ("FCCPA") by DSNB. Fundamentally, this case is about DSNB's refusal to respect Mr. Knuth's personal and legal rights in its attempts to collect an alleged debt.

### JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises pursuant to Fla. Stat. § 26.012, Fla. Stat. § 559.77(1) and 47 U.S.C. § 227(b)(3).

Case 3:16-cv-00714-MMH-JRK  Document 2  Filed 06/10/16  Page 2 of 8 PageID 13

(Page 7 of 13 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

## THE PARTIES

3.     Plaintiff, Stephen Knuth, is a natural person residing in Duval County, Florida.

4.     Defendant DSNB, Defendant, Department Stores National Bank, ("DSNB") is a national banking association. Its principal place of business is 701 East 60th Street, Souix Falls, South Dakota. DSNB finances, issues and services the Macy's branded credit card. Plaintiff had an alleged debt to DSNB arising out of personal, family, or household purposes.

5.     Plaintiff is the regular user and carrier of the cellular telephone 954-290-6537 and was the called party and recipient of the DSNB calls.

6.     Plaintiff is the "called party." *See Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 643 (7th Cir. 2012).

7.     Plaintiff is a "consumer" as defined in Florida Statute Section 559.55(2).

8.     Defendant is a corporate entity responsible for attempting to collect a debt from Plaintiff and is transacting business in the State of Florida.

9.     Plaintiff hired Davis Law Firm to represent his with regard to all debts and claims that his creditors may have had against his, and to seek relief from the overwhelming volume of debt collection calls and letters that Plaintiff was receiving.

## BACKGROUND

10.     Plaintiff has a Macy's credit card account issued by DSNB, ending in 1752.

11.     The alleged debt that is the subject matter of this complaint is a "consumer debt" as defined by Florida Statute Section 559.55(1).

12.     Beginning in late 2012, Plaintiff began to receive multiple telephone calls to his cell phone (954-290-6537) from DSNB in an attempt to collect an alleged debt.

13.     Tired of receiving the harassing calls, on October 4, 2013 at approximately 2:52

Case 3:16-cv-00714-MMH-JRK   Document 2   Filed 06/10/16   Page 3 of 8 PageID 14

(Page 8 of 13 - This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

PM, Mr. Knuth spoke with a DSNB representative at number 1-513-573-8031 and informed them to stop calling his cell phone and to stop harassing him.

14.     Plaintiff received fourteen additional calls from DSNB  and during each call he told DSNB to stop calling and harassing him.

15.     For instance, Plaintiff answered all of the calls, and each time told the employee of the cease and disist letter.

16.     During the calls, Plaintiff often asked for the DSNB employee's name and identification number.  Most of the times the employees refused.

17.     Despite his request for the calls to stop, DSNB continued to call Plaintiff's cellular phone.

18.     DSNB called the Plaintiff using telephone numbers: (1) 727-556-5000, (2) 727-553-7300, (3) 513-573-8083, (4) 727-556-5492, (5) 513-573-8739, (6) 800-511-3207, (7) 513-754-9863, (8) 727-556-7300, (9) 513-573-8031, and (10) 513-398-5221.

19.     Exhibit "A" displays the times and dates of at least some of the 15 telephone calls made by DSNB to Mr. Knuth's cellular telephone between October 4, 2013 and March 22, 2016, and the subsequent text messages.

20.     The phone number 727-556-5000 is a number that does or did belong to DSNB or its agents.

21.     The phone number 727-553-7300 is a number that does or did belong to DSNB or its agents.

22.     The phone number 513-573-8083 is a number that does or did belong to DSNB or its agents.

23.     The phone number 727-556-5492 is a number that does or did belong to DSNB or

its agents.

24.     The phone number 513-573-8739 is a number that does or did belong to DSNB or its agents.

25.     The phone number 800-511-3207 is a number that does or did belong to DSNB or its agents.

26.     The phone number 513-754-9863 is a number that does or did belong to DSNB or its agents.

27.     The phone number 727-556-7300 is a number that does or did belong to DSNB or its agents.

28.     The phone number 513-573-8031 is a number that does or did belong to DSNB or its agents.

29.     The phone number 513-398-5221 is a number that does or did belong to DSNB or its agents.

30.     DSNB attempted to collect a debt from Plaintiff by this campaign of telephone calls.

31.     The telephone calls made to Plaintiff's cellular telephone were willfully or knowingly made.

32.     The telephone calls made to Plaintiff's cellular telephone were made using an automatic telephone dialing system.

33.     The telephone calls made by DSNB were made using an artificial or prerecorded voice.

34.     DSNB did not have Plaintiff's consent to call his cellular telephone using automatic telephone dialing equipment.

Case 3:16-cv-00714-MMH-JRK   Document 2   Filed 06/10/16   Page 5 of 8 PageID 16

(Page 10 of 13 – This print header can be changed using the printHeader HTML tag – see the viewONE HTML manual for further information)

35.     Plaintiff revoked any consent to call his cellular telephone by informing DSNB to "stop calling" and to "cease and desist."

36.     The telephone calls made to Plaintiff's cellular telephone were not made for emergency purposes.

37.     DSNB uses automatic telephone dialing systems.

38.     DSNB has many similar complaints from consumers across the country to those alleged by Plaintiff in this lawsuit.

39.     All conditions precedent to bringing this action have been performed or have been waived.

## COUNT I – VIOLATIONS OF THE TCPA BY DSNB

40.     Plaintiff incorporates by reference paragraphs 1 through 39 of this Complaint.

41.     DSNB willfully or knowingly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or used a pre-recorded or artificial voice to Plaintiff's cellular telephone without Plaintiff consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

42.     WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, DSNB for:

  a) Damages; and

  b) Such other or further relief as the Court deems equitable, just, or proper.

## COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

43.     Plaintiff incorporates by reference paragraphs 1 through 39 of this Complaint.

44.     By continuing to contact Mr. Knuth despite having actual knowledge that Mr. Knuth did not consent to be called, by using automatic telephone dialing equipment to call Mr.

Knuth's cellular telephone and leaving artificial or pre-recorded voicemails in his cellular telephone's voicemail box, by calling his at least 15 times in such a short time span, by calling him after he requested the calls to stop, and by communicating with Mr. Knuth in a manner reasonably expected to harass Mr. Knuth, DSNB engaged in conduct which can reasonably be expected to abuse or harass Plaintiff in violation of Fla. Stat.§ 559.72(7).

45.    Each harassing call is a separate violation of the FCCPA and a separate count in this complaint.

46.    WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendant, DSNB for:

    a) Actual and statutory damages;

    b) Attorney's fees and costs of suit; and

    c) A permanent injunction enjoining the Defendant from engaging in the violative practices; and

    d) Such other or further relief as the Court deems equitable, just, or proper.

DAVIS LAW FIRM

s/TODD M. DAVIS
TODD M. DAVIS, ESQ.
FL BAR No. 58470
Bank of America Tower
50 N. Laura Street
Suite 2500
Jacksonville, FL 32202
904-400-1429 (T)
904-638-8800 (F)
TD@DavisPLLC.com

## Call Log - Exhibit "A"

| Call Date | Call Time | Telephone Number |
|---|---|---|
| 1. 10.4.2013 | 2:54PM | (513) 573-8031 |
| 2. 3.29.2014 | 4:10PM | (727) 556-7300 |
| 3. 8.5.2014 | 8:35AM | (513) 754-9863 |
| 4. 3.5.2015 | 12:11PM | (727) 556-5000 |
| 5. 5.29.2015 | 4:21PM | (800) 511-3207 |
| 6. 5.30.2015 | 12:56PM | (727) 556-5492 |
| 7. 5.31.2015 | 1:19PM | (513) 573-8739 |
| 8. 7.19.2015 | 1:42PM | (513) 398-5221 |
| 9. 2.29.2016 | 9:50AM | (727) 556-5492 |
| 10.    3.4.2016 | 4:05PM | (513) 573-8083 |
| 11.    3.4.2016 | 9:24AM | (513) 573-8083 |
| 12.    3.5.2016 | 1:18PM | (513) 573-8083 |
| 13.    3.5.2016 | 9:35AM | (513) 573-8083 |
| 14.    3.6.2016 | 1:34PM | (727) 556-7300 |
| 15.    3.22.2016 | 10:03AM | (727) 556-5000 |
| 16.    4.18.2016 | 3:15 PM | Text |
| 17.    4.20.2016 | 3:15 PM | Text |
| 18.    4.22.2016 | 3:15 PM | Text |

Case 3:16-cv-00714-MMH-JRK   Document 2   Filed 06/10/16   Page 8 of 8 PageID 19

(Page 13  of  13  -  This print header can be changed using the printHeader HTML tag - see the viewONE HTML manual for further information)

| | The subhead here documents were personally served at Citibank, N.A. Served by: | |
|---|---|---|
| | Action Process Serving-Richard | 360-2881 |
| | Action Professional Service | 335-3090 |
| | Aero Professional Document Services | |
| | Allegiance Investigators- William "Pat" McManus | 605 338-3078 |
| | Constables Office | |
| | DEA | |
| | Denes Barabas Investigations | 605-881-6742 |
| X | Express Attorney Service- Shaley or Skyler | 335-8693 |
| | FBI | |
| | Front Range – Sioux Falls | 695-5718 Justin |
| | Hatfield Process Servers- Kansas City MO Bruce Hansum | 201-1325 |
| | Hot Civil Process Serving-Owner Ron Hot | 712-299-4402 |
| | IRS | |
| | JW Services | |
| | Minnehaha County Sheriff's Office | 367-4331 Civil Process |
| | Preferred Process Service | 281-0020 Chad |
| | Process Agent Service Co. | 335-8840 |
| | Quality Attorney Services | |
| | Rapid Recovery | |
| | Sioux Falls Police Dept. | |
| | South Dakota Professional Services | Eric Hurlburt 605-368-1037 |
| | States Attorney Office | |
| | Mark here if you signed a waiver to attend a hearing | |
| | US Customs | |
| | US Govt Contractor Arthur G. Temple AGTEMP41@gmail.com PO Box 87972 SFSD 57109 | 605-553-5270 |
| | US Marshal's Office | |
| | US Secret Service | |
| | US Office of Personnel Management Federal Investigative Services Shonda Meyer or Jason Kittles | Shonda Cell-605-310-1519 Fax 605-362-0135 Jason-605-431-8888 |
| | Process Server Name: Shaley | |
| | Number of Documents Received: 10 | |
| | Date & Time Served: 5/11/16 10:5pm | |
| | Cathy Reinecke | |
| | Tonya Cwach | |
| | Bev Fenton | |
| | Kevin Geiger | |
| | Karla Hein | |
| | Jo Heidenbrand | |
| | Lee Krege | |
| | Tanya Javers | |
| | Pam Meyer | |
| | Tami Odegaard | |
| X | Jon Rens | |
| | David Richter | |
| | Sherry Simunek | |
| | Gina Steineke | |
| | Sharon K. Stroud | |
| | Matt Thompson | |
| | Kelly Umstott | |
| | Teresa Willson | |

*Handwritten notes:*

6 Cards foreclosures to 6360

1- duedlit -Kept
1-CMI - Kept
1-trustee - Kept